FILED
U.S DISTRICT COURT
EASTERN DISTRICT OF LA

2003 AUG -1  PM 1:12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN EMPLOYERS INSURANCE COMPANY and ONEBEACON AMERICA INSURANCE COMPANY | * * * * | CIVIL ACTION<br><br>NO. 03-0048 |
| VERSUS | * * | SECTION "M"(2) |
| EAGLE, INC. | * * * | JUDGE PETER BEER<br><br>MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * *   *

### DEFENDANT'S MOTION TO DISMISS
### OR, IN THE ALTERNATIVE, FOR A STAY

**NOW INTO COURT**, through undersigned counsel, comes defendant Eagle, Inc. (hereinafter "Eagle"), and moves this Honorable Court to dismiss or, in the alternative, for a stay of the declaratory judgment action. The reasons supporting this motion are fully set forth in

___ Fee_____
___ Process_____
_X_/Dktd _Caa_
___/ CtRmDep____
_√_ Doc. No 4600 _18_

the accompanying memorandum of law.

                                                         Respectfully submitted,

                                                         Stephen H. Kupperman, La. Bar #7890
                                                         Edward Wicker, La. Bar #27138
                                                                Of
                                                         BARRASSO USDIN KUPPERMAN
                                                          FREEMAN & SARVER, L.L.C.
                                                         909 Poydras Street, Suite 1800
                                                         New Orleans, Louisiana 70112
                                                         Telephone: (504) 589-9700

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Motion to Dismiss or, in the Alternative, for a Stay, Memorandum in Support of Motion and Notice of Hearing have been served upon all counsel of record by facsimile transmission and by placing same in the United States mail, postage prepaid and properly addressed, this ___1___ day of August, 2003.

                                                         Edward Wicker

24635

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN EMPLOYERS INSURANCE COMPANY and ONEBEACON AMERICA INSURANCE COMPANY | * CIVIL ACTION <br> * <br> * NO. 03-0048 <br> * <br> * SECTION "M"(2) |
| VERSUS | * <br> * JUDGE PETER BEER |
| EAGLE, INC. | * <br> * MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

### NOTICE OF HEARING

TO: Plaintiffs
     Through their counsel of record
     Samuel Rosamond, III
     Thomas Aycock
     400 Poydras Street, Suite 2100
     New Orleans, Louisiana 70130

**PLEASE TAKE NOTICE** that defendant Eagle, Inc. will bring for hearing its Motion To Dismiss Or, In The Alternative, For A Stay on the 20th day of August, 2003, at 9:30

- 1 -

24790

o'clock a.m., before the Honorable Peter Beer, United States District Judge, United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana.

                                                    _____
                                                                Edward Wicker

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served upon all counsel of record by fax, this __1__ day of August, 2003.

                                                    _____
                                                                Edward Wicker

- 2 -

24790

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN EMPLOYERS INSURANCE COMPANY and ONEBEACON AMERICA INSURANCE COMPANY | * * * * * | CIVIL ACTION<br><br>NO. 03-0048<br><br>SECTION "M"(2) |
| VERSUS | * * | JUDGE PETER BEER |
| EAGLE, INC. | * * * | MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY

Defendant Eagle, Inc. (hereinafter "Eagle") hereby submits this memorandum in support of its motion to dismiss or, in the alternative, to stay the declaratory judgment action filed by American Employers Insurance Company (hereinafter "American Employers") and OneBeacon America Insurance Company (hereinafter "OneBeacon"). The insurance matters asserted in the declaratory judgment action can be fully litigated in pending state court proceedings, the declaratory complaint was filed in anticipation of state proceedings and is being used for the purpose of forum shopping, and dismissal will serve the purpose of judicial economy.

## I.
## BACKGROUND AND STATEMENT OF FACTS

This case arises from thousands of suits originally filed in Louisiana state courts by claimants alleging bodily injury as a result of Eagle's alleged sale and/or installation of asbestos-containing materials. While some of these cases have been resolved, many are presently ongoing in Louisiana state courts, and future suits are anticipated. As a defendant in the state court proceedings, Eagle has tendered each of the asbestos suits to American Employers and/or OneBeacon (formerly Commercial Union Insurance Company and Employers Commercial Union Insurance Company) for defense and indemnity under commercial general liability policies. American Employers denied coverage for all claims and has not contributed to any defense costs, thereby breaching its duties to defend and to indemnify Eagle. Under a reservation of rights, OneBeacon provided a defense for Eagle for a period of time under a Joint Defense and Indemnity Agreement, but subsequently stated it would refuse to contribute to further defense costs under the guise that certain limits were exhausted.[1] The claim of exhaustion apparently was achieved by OneBeacon's improper and automatic allocation of all claims to the products/completed operations provisions of its policies, without review of the underlying facts of each individual suit. The products/completed operations provisions set forth an aggregate limit. Proper allocation of the claims would have resulted in coverage pursuant to the premises/operations provisions, which have no aggregate limit.

---

[1] *See* Exhibit 1, letter to Gary Zwain, attorney for Eagle, from Don Martinson, attorney for OneBeacon (formerly Commercial Union Insurance Company), August 7, 2002; Exhibit 2, letter to Gary Zwain from Don Martinson, August 13, 2002; Exhibit 3, Letter to Don Martinson from Gary Zwain, August 13, 2002; Exhibit 4, letter to Gary Zwain from Don Martinson, August 16, 2003.

24635

After a series of correspondence in August of 2002 between attorneys for Eagle, OneBeacon, and American Employers, the attorney for OneBeacon indicated to Eagle in a letter dated September 16, 2002 that it was considering Eagle's demand for defense and indemnity under the premises/operations provisions of the policies.[2] Thereafter, OneBeacon and American Employers invited Eagle to draft a settlement proposal, which Eagle submitted on November 8, 2002.[3] Without responding in any way to the settlement proposal and knowing that with a negative response Eagle would institute litigation over improper allocation of the claims, OneBeacon and American Employers raced to the federal courthouse and filed this action on January 7, 2003, seeking a declaration of the rights and obligations of the parties under the commercial general liability policies.[4] American Employers and OneBeacon seek declaratory relief that will be effective as to all state asbestos claims collectively, without specification of any particular claims or the facts of any case. This federal case is in its preliminary stages, with little discovery yet taken, although the insurers recently filed a motion for partial summary judgment.

As a result of American Employers' outright refusal to provide defense and indemnity and OneBeacon's position that the policy limits were exhausted thereby precluding further defense and indemnity, Eagle filed a third party demand in one of the state court asbestos actions against both American Employers and OneBeacon in May 2003.[5] Additional third party

---

[2] *See* Exhibit 5, letter to Gary Zwain, attorney for Eagle from Don Martinson, attorney for OneBeacon, September 16, 2002.

[3] Exhibit 6, Letter to Don Martinson from Gary Zwain, November 8, 2002.

[4] *See* Plaintiffs' Original Complaint for Declaratory Relief.

[5] *See* Exhibit 7, Third Party Demand of Eagle, Inc., *Attelia Shealy Blackard, Attelia Blackard, W. Griffith Blackard, Jr. and Kirkland L. Blackard v. AC&S, Inc., et al.*, No. 97-03425, Civil District Court for the Parish of Orleans, State of Louisiana.

demands are anticipated. Moreover, numerous plaintiffs in various state court actions have now brought direct actions against American Employers and OneBeacon.[6]

## II.
## LAW AND ARGUMENT

Although a district court may have jurisdiction of a suit under the Federal Declaratory Judgments Act, 28 U.S.C. § 400, it is under no compulsion to exercise that jurisdiction. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).[7] Instead, the district court enjoys broad discretion to dismiss or stay a declaratory judgment action when parallel state court proceedings are pending. *Id.*; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In making such a determination, the district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. "This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there." *Id.* Other factors the court may consider are whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding and whether necessary parties have been joined. *Id.*

The Fifth Circuit has identified the following six factors for district courts to consider when determining whether to dismiss a declaratory judgment action: (1) whether there

---

[6] *See e.g., Joseph Galatas & Dorsie Galatas v. Eagle, Inc., et al.*, No. 2003-19414, Civil District Court for the Parish of Orleans, State of Louisiana, filed July 11, 2003; *Samuel Heron & Wylene Heron v. Asbestos Corp. Ltd., et al.*, No. 2002-10182, Civil District Court for the Parish of Orleans, State of Louisiana, filed June 27, 2002.

[7] Unlike the abstention doctrine under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the *Brillhart* abstention does not require "exceptional circumstances" to exist in order for abstention to be appropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

are pending state court actions in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983)).

Applying the *Brillhart* abstention doctrine, district courts have exercised their discretion to abstain, and have dismissed or stayed declaratory actions regarding insurance coverage when parallel state court suits were pending.[8] In *AXA Marine & Aviation Insurance v. Robinson Int'l, Inc.*, No. 95-2510, 1995 WL 96894 (E.D. La. March 5, 1996), for example, several lawsuits were filed in state court on behalf of more than 6000 claimants allegedly injured from exposure to cargo released from an oil tanker. A marine surveying firm, having been named a defendant, notified its insurer of the claims. Several months after the insurer began investigating coverage issues, however, it filed a declaratory action in federal court seeking a determination whether coverage existed. Subsequently, the insured filed a third party demand against the insurer in one of the state court actions, seeking a declaration that coverage and defense were owed by the insurer. The insured then filed a motion to dismiss or stay the federal court action in favor of the parallel state court proceeding.

---

[8] *See, e.g.*, Exhibit 8, *Travelers Cas. & Sur. Co. v. Intracoastal Tubular Serv. Inc.*, No. 01-2751 (E.D. La. Jan. 25, 2002); *Ohio Cas. Ins. Co. v. J. Calderera & Co., Inc.*, No. 02-1323, 2002 WL 1941446 (E.D. La. Aug. 21, 2002); *St. Paul Reinsurance Co., Ltd. v. Iberic Int'l, Inc.*, No. 99-1154, 1999 WL 639681, at *2 (Aug. 19, 1999); *AXA Marine & Aviation Ins. v. Robinson Int'l, Inc.*, No. 95-2510, 1995 WL 96894 (E.D. La. March 5, 1996).

This Court granted the insured's motion and dismissed the federal declaratory action. First, the Court explained that the issues of coverage and defense raised in the federal action were the same issues raised in the state court and, therefore, all of the matters in controversy in the federal action could be litigated in one or more state action. Second, the Court found that the insurer brought the federal action in anticipation of litigation because it knew at the time of filing that the insured was claiming coverage and the right to a defense under the liability policy.

With respect to convenience of the forums, the Court found that the state court actions in St. James Parish were no less convenient for the parties and witnesses than litigation in federal court in New Orleans. The Court also found that considerations of judicial economy and avoidance of piecemeal litigation compelled a dismissal of the federal action. Because direct actions had been filed against the insurer in state court, the insurer in any event would have to defend those direct actions in state proceedings; if the federal action remained, then two courts would be forced to try similar issues. This Court thus found it appropriate to dismiss the federal action.

As in *AXA Marine*, a consideration of the factors here inexorably leads to the conclusion that this Court should exercise its broad discretion to dismiss or stay this declaratory judgment action in favor of the state court actions. First, all matters in controversy can be fully and finally litigated in state court. The pending third party demand in the state court action seeks compensatory damages and penalties, as well as a declaration that Eagle has a right to defense and indemnity from American Employers and OneBeacon. Indeed, the insurers have asserted in

the state court proceeding that the third party demand is identical in issues to the federal suit.[9] Moreover, the insurers will not be prejudiced by a dismissal or stay of this federal proceeding because they can raise the same arguments in state court. As this Court previously declared: "At least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *AXA Marine*, 1996 WL 96894, at *2. Consideration of the first factor therefore weighs in favor of dismissal or a stay of the federal action.

The second and third factors also support dismissal or a stay of this proceeding. Just like the insurer in *AXA Marine*, American Employers and OneBeacon filed this declaratory action in anticipation of litigation, knowing that Eagle was claiming defense and indemnity and premises/operations coverage under the policies. The parties negotiated for months without resolution, when the insurers filed the declaratory action to secure their own choice of forum. The timing of these events suggests that the insurers knew that Eagle would seek relief in response to the denial of coverage, and shows that the insurers engaged in forum shopping. *See St. Paul Reinsurance Co., Ltd. v. Iberic Int'l, Inc.*, No. 99-1154, 1999 WL 639681, at *2 (Aug. 19, 1999). The fact that the insurers were "not made [parties] to the state court action until after [they] filed the declaratory judgment action does not diminish the taint of forum shopping." *Id.* Because the insurers filed this suit in anticipation of litigation and engaged in forum shopping, dismissal or a stay of the federal action in favor of the state court proceedings is appropriate.

---

[9]  *See* Exhibit 9, Exceptions to Third Party Demand filed by OneBeacon, *Attelia Shealy Blackard, Attelia Blackard, W. Griffith Blackard, Jr. and Kirkland L. Blackard v. AC&S, Inc., et al.*, No. 97-03425, Civil District Court for the Parish of Orleans, State of Louisiana. Although the two exceptions are referenced, one was withdrawn; only the issue of *lis pendens* remains.

Further, adjudication of the coverage and defense and indemnity issues "can better be settled in the proceeding pending in state court"[10] because, as the insurers themselves have admitted, the determination of whether the premises/operations provisions of the policies apply requires evaluation of each individual claim.[11]  Most if not all of those claims have been asserted in state court, and many -- including those for which the insurers now contest their duty to defend and indemnify -- are currently pending.  Logic and efficiency dictate that insurance coverage issues be resolved in the same proceeding that will address all aspects of each individual claim, including the merits of the individual claim itself, the fault of the parties, and the assessment of damages.  Moreover, as direct action defendants in state court proceedings, American Employers and OneBeacon in any event will be required to litigate these same issues in the state court proceedings.[12]  Determination of all issues in one proceeding -- in state court -- will serve judicial economy and avoid piecemeal litigation.

## III.
## CONCLUSION

Under *Brillhart*, this Court has broad discretion to dismiss or stay the declaratory action brought by American Employers and OneBeacon.  Such dismissal or stay is appropriate,

---

[10] *Brillhart*, 316 U.S. at 495.

[11] *See, e.g.*, Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment, at 12.

[12] The federal case is in its early stages.  Initial discovery has occurred, but discovery is neither complete nor even well underway.  "[T]here is no reason why the discovery cannot occur in the state court." *Travelers*, No. 01-2751, at 9 (E.D. La. Jan. 25, 2002).

- 8 -

24635

and Eagle's Motion to Dismiss or, in the Alternative, For a Stay, should be granted.

Respectfully submitted,

Stephen H. Kupperman, La. Bar # 7890
Edward Wicker, La. Bar #27138
   Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Eagle, Inc.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss or, in the Alternative, to Stay has been served upon all counsel of record by fax, this ____1____ day of August, 2003.

Edward Wicker

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**